Our fourth case this morning is Crutchfield v. Dennison, Case No. 16-14-76. Andrew Lawrence Good morning, Your Honors, and may it please the Court, Andrew Lawrence for Petitioner Appellant Shane Crutchfield. The record of this case provides substantial evidence that Mr. Crutchfield's State Court trial counsel committed a plain error of law during plea bargaining, and that Mr. Crutchfield's State Court post-conviction counsel failed to raise that issue during the initial review collateral proceeding when he should have. As a result of those errors, Mr. Crutchfield will be forced to spend an additional seven and a half years in an Illinois prison as compared to the rejected plea offer. The bottom line here is that the Supreme Court's Trevino decision, and this Court's precedence interpreting that decision, clearly excused the procedural default of the ineffective assistance claim here. Andrew Lawrence You're claiming a double, the trial lawyer and the appellate lawyer. Shane Crutchfield That's right, and I think that's what Trevino requires and what this Court's decision in Brown v. Brown requires. Andrea Lange Right. The ineffective assistance of appellate counsel claim is foreclosed by Davila. Shane Crutchfield I don't think so, Your Honor. I mean, so Davila, I think, is sort of apples and oranges to this case because that case, the first-line error was at the appellate stage, and so it actually did not involve an error in the trial court, and so that's different from this case where you have the first-line error occurring in the state trial court, and I think that's what Martinez and Trevino speak to, and I think that's what all of the whole line of cases speak to is that there has to be some meaningful opportunity to raise an ineffective assistance of trial counsel claim, and in Davila, there was an ineffective assistance of appellate counsel claim. Andrea Lange So, in other words, your ineffective assistance of appellate counsel or post-conviction counsel claim is just a vehicle to get at the trial counsel's ineffectiveness. Shane Crutchfield That's exactly right. Andrea Lange It's not a freestanding claim. It's a way of showing cause to excuse the procedural default. Shane Crutchfield Yes, yes, more or less, Your Honor, yes. Andrea Lange In other words, it's just a straight Martinez-Trevino argument. Shane Crutchfield Right. I think that's what Davila clarified is that as long as you have an underlying ineffective assistance of trial counsel claim that occurred in the state court, that's what Martinez and Davila speak to, and that's exactly what we have in this case. Andrea Lange So we really just have to decide whether Illinois is sufficiently analogous to Indiana to bring this case within the Brown v. Brown holding. Shane Crutchfield Yes, but I mean, not only Indiana. I mean, the ultimate touchstone here is whether there is a meaningful opportunity for criminal defendants to bring. Andrea Lange Our precedent is Brown. Shane Crutchfield No, that's exactly right, but I think, you know, to use the Supreme Court's language, there has to be some, you know, meaningful opportunity to bring these claims. And so I don't think Indiana is, you know, the only model that we can look to. You know, there are multiple states around the country that would also fall under the Trevino exception that wouldn't look, you know, identical to what Indiana provides. But in all events, I think Illinois' system falls comfortably within Trevino because there is no meaningful opportunity for criminal defendants to present ineffective assistance of trial counsel claims on direct appeal. And Illinois' own courts have spoken to this issue for decades, and they have effectively channeled ineffective assistance of trial counsel claims that are extraneous to the record to post-conviction review. And so that's exactly why I think this falls under the Trevino exception. And the only reason that the state thinks otherwise is because of this Krankel procedure that they mentioned. But I don't think there can be any real dispute that the Krankel procedure is, provides a meaningful opportunity because that is premised on a criminal defendant acting pro se and raising the ineffective assistance of trial counsel claim himself. And so in other words, the state is saying that, you know, a criminal defendant effectively has to be a constitutional law scholar and raise these claims themselves. And I don't think you can fairly read Martinez and Trevino and reach that conclusion because the Supreme Court there, you know, makes multiple arguments saying that criminal defendants often do not have, you know, the education to bring these claims themselves. They don't understand the law, and that's exactly why they need effective assistance of counsel to help them bring these claims. I'm not sure I understand this Krankel procedure. It appears to be just a vehicle by which a pro se prisoner would obtain counsel to litigate an ineffectiveness claim, regardless of whether it's brought on direct appeal or collateral review. Right. I mean, the cases speak to when you're in the first line trial court. And so the allegation would be that your trial court lawyer performed ineffectively, and then the criminal defendant himself says, you know what, there's something wrong here. I think my trial lawyer is not being effective. And he raises that during trial. It could be at any stage post judgment. Right. I mean, yeah. But in the trial court, I mean, but it's reserved for post trial motions, but it could be a written motion that could be voicing this to the lawyer. I mean, to the trial judge doesn't have to be a written motion. But in all events, it places the onus on the criminal defendant himself to know why exactly his trial counsel was performing ineffectively. And granted, they can get away with a bare allegation of saying my trial lawyer was ineffective, and that can trigger the Krankel hearing. But at that hearing, that criminal defendant himself will ultimately have to specify why exactly his trial counsel was ineffective. And only if he convinces the judge at that stage will he then get a court-appointed lawyer. So this is not akin to the Davis-Hatton procedure in Indiana, by which the claim of ineffective assistance of counsel, if raised on direct review, can be litigated on an expanded record in the direct review context. Right. I mean, I think, I mean, they're apples and oranges. So as I understand Indiana law, the Davis-Hatton procedure is effectively, you know, post-conviction review that happens to take place before the direct appeal. In tandem with direct review. Right. But, I mean, the critical difference there is that lawyers themselves actually bring those Davis-Hatton motions. And here, you actually don't even get a lawyer to provide your Krankel motion. It places the onus on the criminal defendant himself to know why exactly his trial counsel was not operating within the boundaries of the Constitution. I just don't think that provides a meaningful opportunity under Trevino to say that he can then raise those claims on direct appeal and expand the record in the trial court and raise those claims on direct appeal. And, I mean, the reason why, if you look to Martinez, if you look to Trevino, those cases basically expressly equate the absence of counsel or pro se status with ineffective assistance of counsel. And so, I mean, basically what the state is arguing is that ineffective assistance of counsel is good enough under Trevino, it provides a meaningful opportunity under Trevino to raise your claims, to develop your record, and then raise your claims on direct appeal. And I just don't think you can fairly read Martinez and Trevino and reach that conclusion. And presumably at the direct appeal stage, the prisoner has counsel. That's right. But at the direct appeal stage, the court is, of course, only looking to the cold trial record. And so, if the criminal defendant operating pro se wasn't smart enough to raise his trial counsel claim, you know, pro se on his own in the trial court, then your record is not going to include any of the ineffective assistance of trial counsel claims that could really impact your case like the one here. On direct appeal, there was no evidence in the record one way or the other about what Mr. Crutchfield's trial counsel did during the plea bargaining stage. And so, there is no meaningful opportunity for him to raise that claim on direct appeal because Illinois courts have said that unless it's in the record, we're not going to look at it on direct appeal and you should go to the post-conviction stage to bring your claim. And here . . . Well, you know, I don't mean to interrupt you, but as I understand it, the offer was 25 years. That's right. And then the counsel said something about 25 years, maybe that 25 years means 50 years. You cut them in half, right? Isn't that . . . wasn't that the reference? That's what confused me. They were talking about . . . the ultimate sentence was 40 years. Is that correct? Right. Well, that's the sentence after the trial. After the trial, it was 40 years, and they immediately say, well, it could be 20 if you get good time for half of it. Right. Okay, that's kind of speculative, but nevertheless, that's what they do. And instead, he was offered 25 years, and then half of that is 12 1⁄2. And so, there's a 7 1⁄2-year stretch here that we're speculating about. Well, I want to be clear that what the prosecutor offered before trial was 25 years pursuing into statute, which would have been 12 1⁄2. But what the problem here was is that Mr. Crutchfield's trial counsel lawyer said that it has to be served at 85 percent, which is . . . You said what? It has to be served at 85 percent, which is 21.25 years, and so Mr. Crutchfield was operating under the assumption that he would have to serve 21 years under the plea offer, when in fact it was 12 1⁄2 years, and he rejected that offer because of that. And I see that I'm into my rebuttal time, so I'll reserve the balance if I may. Okay. Ms. O'Connell. May it please the Court, I'm Assistant Attorney General Erin O'Connell on behalf of the Respondent. I think I have to make two key points with respect to Krinkle. First, we are not saying that Krinkle itself provides a meaningful opportunity for every defendant in the state of Illinois. The argument is that Illinois's expansive post-trial procedures in general for expansion of the record to raise extra record claims of ineffective assistance provides the average defendant with a meaningful opportunity to raise his claim. Krinkle is significant insofar as it extends this opportunity to a defendant who has appointed counsel and is claiming that his current counsel is ineffective. Essentially Krinkle is a means of determining whether new counsel needs to be appointed to investigate and present an ineffective assistance of counsel claim. It's not a way of litigating a Strickland claim on an expanded record. Yes. I'm sorry, it is or it is not that? It is not. It's a preliminary step. So, for example, in this case... So it's not Davis-Hatton? It's less than Davis-Hatton? I think that there are a lot of distinctions between this and Davis-Hatton. I think Davis-Hatton itself was a PC. And in Illinois, we have actually two simultaneous options, okay? The defendant can rely on the post-trial mechanism or the PC. So there's two separate opportunities. The way I read the Davis-Hatton procedure is this is your one opportunity as an Indiana prisoner. Right, because Indiana requires, you know, it's a no-claim-splitting state. Here in Illinois, I guess the state Supreme Court allows claim-splitting. If you've got a Strickland claim that can be decided on the record, you're supposed to bring it. In fact, you must bring it on direct review, otherwise it's gone. Right. But that does not foreclose a post-conviction claim based on a different ineffectiveness claim that requires record development. That's correct. And actually, the fact that Illinois has a stated preference for raising this on direct appeal is by itself sufficient to bring us outside of the scope of Martinez. Not for Strickland claims in general, only for Strickland claims that can be litigated on the record. Well, I think... The Veatch case didn't eliminate the distinction that the appellate courts were drawing between a record claim and a claim that needs new evidence. So the way that I read Martinez and Trevino is that this is a statewide question, and it applies categorically to habeas petitioners in a particular jurisdiction. It doesn't subdivide the claims of ineffective assistance of counsel. No, I think you're right, but we have Brown, which we have to contend with, and I'm trying to determine whether what Illinois offers to defendants is more meaningful than that  What's clear about Indiana is that there's a stated preference among their courts to wait until PC to raise an ineffective assistance claim. Because of these incentives where if you raise it now, you can't raise it later, they've said that it's generally, as a matter of practice, better just to wait for all of it until you get to PC. Illinois courts have the exact opposite general rule of saying, we would like you to raise your claim on direct appeal and resolve it as quickly as possible. And the mechanism that they provide allows these prisoners not only to raise the record-based claims, but to expand the record to raise claims like petitioners. So this case actually What is that procedure? Okay, the post-trial procedure. So a defendant files a post-trial motion for a new trial saying, I had ineffective assistance of counsel. They have the opportunity to, at a hearing, present evidence on that claim. So a defendant can come in at that hearing and testify about the representation. This presumably must be done pro se, because the defendant is still represented by that same counsel? Well, not in this case. This case shows I'm talking about generally. Right. So, generally, if A motion for a new trial will be filed by trial counsel. Exactly. Trial counsel is not going to say, I was ineffective. That's true. So this is not a meaningful opportunity to develop a record. So the burden on the pro se defendant is to say, I had ineffective assistance of counsel. He can file a written document While he's represented by counsel. Yes. But he doesn't need to And awaiting sentencing. He can do it after sentencing, which is actually what happened here. And what the court in People v. Patrick said was, as long as the trial court has jurisdiction, you can raise this allegation of ineffective assistance, and the burden is on the trial judge. Once he understands that the pro se defendant is saying, I had ineffective assistance of counsel, he has to undertake a sufficient inquiry to determine if there's enough merit for new counsel to come in. Because obviously, we can't expect counsel to argue his own ineffectiveness. But does it permit the development of an evidentiary record before the direct appeal is pursued? Yes. So I just want to use this case as an illustration. I know that it's not typical that a defendant will bring in separate private counsel, but that's what happened here. So five, he had been sentenced and had filed a motion to reconsider sentence, and counsel came in and said, I'm going to file a motion to reconsider the denial of your earlier motion for a new trial. And the court heard evidence on new allegations of ineffective assistance of trial counsel. Defendant came in, and he said, these were my conversations with counsel about a conflict of interest posed between his simultaneous representation of the co-defendant. The defendant gave that testimony. The trial court heard it, said, I don't see that this is an ineffective assistance claim. On direct appeal, that was the primary claim that was pursued by defendant was, I received ineffective assistance of counsel based on this erroneous advice about the conflict. Now, we're arguing that the same evidentiary hearing that he had, at which he testified about that aspect of counsel's performance, also enabled him to raise this allegation about the plea negotiations. However, at that time, petitioner chose not to avail himself of that opportunity. And he instead just proceeded on the one allegation that he had substantiated at the evidentiary hearing. What are the time constraints on that procedure? It's a motion for a new trial? Is that the formal vehicle? Right. So a motion for a new trial has to be filed within 30 days, except if a pro se defendant is raising a crankle allegation. The Illinois Supreme Court said in People v. Patrick that you can raise that at any time before a notice of appeal is filed. So in Patrick, they had gone through all of the sentencing, and he said, belatedly, I had ineffective assistance. The Illinois Supreme Court said, well, that imposed on the trial judge an obligation to investigate your claims of ineffective assistance. The trial court didn't do that, so the court remanded to the state trial court to conduct a more searching inquiry into the allegations. So I think what's clear from the Illinois cases is that their preference is, if there's a timely allegation of ineffective assistance at some point before the notice of appeal, we prefer you to investigate that as much as possible before the direct appeal. And if you don't, then the remedy is for further post-trial proceedings. So I think the courts have said, AERS is another example where the court has said, we really want you to have a full opportunity at the post-trial stage, because that's when everyone's memory is fresh and the events have just occurred. So courts have taken very seriously this need for even indigent defendants under crankle, but through a procedure that is generally available to any defendant, as this case illustrates, and has said, instead of saying on those appeals, you raised it here, you don't have a record, go back to PC, that's where you should pursue it. The Illinois courts have instead said, you raised it, we like it best when you do this post-trial, so we're going to send it back to do further development of the record in the post-trial proceeding. Just to make clear, Illinois does not require this. They also allow defendants to raise this on PC. But what that means is that defendants are getting two opportunities, two bites of the apple, as it were, to raise extra record claims of ineffective assistance. We've had two opportunities, and these claims, we didn't get them. This is one of the problems I'm having here. It's sort of a, negotiations before trial, he was misinformed, and elected to go to trial. And in hindsight, he said, gee, I should have gone along with the recommendation, and pleaded, and got 25 years. I don't, the trial counsel, that's where the mistake was, I guess. And then he goes to the appeal, and the appellate lawyer does not address these things. And that seems to be the complaint. Yeah, and you know, when you have, oftentimes, when someone's complaining about the lawyer, we say, well, that's a habeas case. You know, you bring that up as opposed, you know, and not on direct appeal. And we have a direct appeal, and an appeal, and there, the defendant's complaining, you never had a chance to really argue at either time. And now, does that require you going back and having a hearing? As to his post-conviction counsel? I guess, I mean, it's . . . Well, he actually, so he had two opportunities. He had separate counsel on the post-trial motion, and that was his appellate counsel. Right. So that counsel had the opportunity . . . He said he goofed up, too, or she, I don't know who it was. He does. He says every lawyer at every stage has been ineffective for failing to pursue this. But he also had post-conviction counsel appointed. He filed a pro se post-conviction petition. The court said, okay, you've given us the gist of a constitutional claim. We're going to give you counsel. Counsel came in, did an investigation, talked to the petitioner about the allegations to pursue. That counsel also did not pursue the claim of ineffective assistance of plea counsel. So he's had two rounds of attorneys who have investigated this. And decided not to appeal it, I guess. Exactly. Both of them said, you don't have a sufficient meritorious claim. We will not pursue it. Okay. I would ask that this court affirm the finding that this claim is procedurally defaulted. Thank you. Mr. Lawrence. I want to begin by dispelling any notion that there were two bites at the apple in this case. And I want to direct the court's attention to page 47 of the appendix that spells out the chronology of events here. And this is going back to 2006. So in 2006, June 20th, Mr. Crutchfield files a crankle motion. Nothing happens with it. July 10th, 2006, he files a motion to reduce his sentence.  His direct appeal lawyer is hired by his family without his knowledge. Then he files a notice of appeal to the appellate court, which strips the district court, the trial court rather, of jurisdiction. And then several months later, this is October 18th, 2006, the courts realized that there were these pending motions that were never resolved. And so they rescind the notice of appeal and send it back down to the trial court to resolve the unfinished business in the trial court. So that happened on October 18th, 2006. By November 15th, 2006, those motions were completely resolved. All of that occurred within 28 days. And so the notion that Mr. Crutchfield's appellate counsel would have had sufficient time to look at not only the record evidence, but extraneous record evidence, evidence outside the record, during that 28-day period to determine whether Mr. Crutchfield's trial counsel record was ineffective, I think, is completely missing the mark here. When are transcripts filed? I don't know that, Your Honor. But in all events, I mean, it doesn't... For a new trial, whether pro se or counsel, it has to be filed within 30 days. That's the same time limit as a notice of appeal? Right. 30 days is the time for a notice of appeal. But for, I mean, for trial transcripts, I just want to be clear that it doesn't even matter when those are available because what the issue in this case, what happened during plea bargaining, would never have been on a trial transcript. Right. And I see that I'm out of time. So we ask the court to vacate the district court's opinion. All right. Thank you. Our thanks to all counsel. The case is taken under advisement.